PER CURIAM.
On October 6, 1986, the appellant was charged by information with a racketeering count, several counts of conspiracy to traffic in cocaine and one count of trafficking in cocaine. At a plea hearing pursuant to an agreement that the state would waive the minimum mandatory sentence in exchange for his cooperation, the defendant pled guilty to all charges. It was also agreed that the defendant would turn over to the state certain equipment used to convert grey market imported automobiles to comply with EPA standards in the United States. The defendant allegedly paid • $400,000.00 for this equipment. This transfer was to pay the costs of the state’s investigation of the case. The defendant was sentenced to one year and one day in jail with fifteen years probation. The probation was conditioned upon the defendant’s cooperation and his turning over the aforementioned equipment to the state. The defendant served his time, cooperated with the state, and attempted to transfer the equipment to the state. He was in the probationary term of his sentence when the state ascertained that the equipment was not worth $400,000.00, so the state moved in the trial court to modify the sentence asking the trial court to order the defendant to pay an additional $94,000.00 toward the cost of investigating the case. After hearing the motion the trial court modified the sentence, imposing as a special condition of probation that the defendant pay the state $94,000.00. This appeal follows.
There is nothing in the record to indicate that prior to the hearing on the motion to modify, the state had contended that the total cost of the investigation was $134,-000.00. Without substantial evidence of this fact, the order of modification is reversed with directions for the property to be turned over to the state as originally agreed upon at the sentencing hearing.
Reversed and remanded with directions.